IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSH NOLEN, on Behalf of Himself and All Others Similarly Situated,<br><br>                **Plaintiff,**<br><br>v.<br><br>FIREBIRDS OF OVERLAND PARK, LLC, et al.,<br><br>                **Defendants** | Case No. 2:17-cv-02237-JWL-JPO |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Defendants Firebirds of Overland Park, LLC ("Firebirds OP") and Firebirds International, Inc. ("Firebirds International") (collectively "Defendants") submit the following memorandum in support of their Motion for Partial Summary Judgment.

## I.  NATURE OF THE MATTER

Plaintiff Josh Nolen ("Nolen") previously worked as a restaurant server at Firebirds OP's place of business in Overland Park, Kansas. *See* ECF Dkt. 13 at ¶ 3. Nolen, on behalf of himself and similarly situated individuals ("Plaintiffs"), alleges that Plaintiffs—employed in tipped occupations—were not properly paid by Defendants under the Fair Labor Standards Act ("FLSA").[1] Specifically, Plaintiffs allege that "Defendants had a policy and practice of failing to properly pay minimum wages because Defendants have violated the rules for using the tip credit, including that it requires servers to spend more than 20 percent of their time engaged in non-tip-producing activities." *See* ECF Dkt. 13 at ¶ 47. Plaintiffs' FLSA claim is premised on commentary from the Department of Labor's ("DOL") Field Operations Handbook, which

---

[1] Plaintiffs have requested that this Court conditionally certify a collective class. *See* ECF Dkt. 39. Defendants' Opposition to Plaintiffs' is submitted concurrently with this Motion. The parties will address class certification of Plaintiffs' state law claims contained in the Amended Complaint at a later date.

indicates that that when a tipped employee spends more than 20 percent of the hours he or she works performing "duties related to the tipped occupation to the tipped occupation of an employee, . . . [but] not by themselves directed toward producing tips," an employer cannot take a tip credit for the employee's time spent performing those duties (the "80/20 Rule"). *See* Field Operations Handbook at § 30d00(f). The 80/20 Rule is not law and, in fact, directly conflicts the FLSA and its regulations. Because Plaintiffs cannot state an actionable claim under the FLSA for violation of the 80/20 Rule, this Court should grant Defendants judgment as a matter of law on Plaintiffs' FLSA claim.

## II.     STATEMENT OF FACTS

1. Nolen previously worked as a restaurant server at Firebirds OP's place of business in Overland Park, Kansas. *See* ECF Dkt. 13 at ¶ 3.

2. On March 22, 2017, Plaintiffs filed a Petition for Damages against Firebirds OP in the District Court of Johnson County, Kansas. *See* ECF Dkt. 1 at ¶ 1.

3. Firebirds OP timely removed this case to federal court on April 24, 2017. *See id.* at ¶ 5.

4. Plaintiffs filed an Amended Complaint against Defendants on May 12, 2017. *See* ECF Dkt. 13.

5. In the Amended Complaint, Plaintiffs allege that "Defendants had a policy and practice of failing to properly pay minimum wages because Defendants have violated the rules for using the tip credit, including that it requires servers to spend more than 20 percent of their time engaged in non-tip-producing activities." ECF Dkt. 13 at ¶ 47. Plaintiffs further clarify in their Motion for Conditional Certification that their FLSA claim is based on "Defendants' use of the tip credit for certain non-tip-producing activities that exceeded 20% of [Plaintiffs'] workday

or workweek." *See* ECF Dkt. 39 at p. 1; *see also id.* at p. 4 (noting that the questions in dispute in this lawsuit include "the amount of damages resulting from [Defendants'] failure to pay pursuant to the 80/20 rule").

## III.   QUESTION PRESENTED

Should the Court grant Defendants summary judgment on Plaintiffs' FLSA claim, where the claim is based on Defendants' purported violation of the 80/20 Rule—which is no more than DOL commentary on 29 C.F.R. § 531.56(e) that cannot form the basis of a claim under the FLSA because it does not constitute binding law, has never been subject to the formal rulemaking process and, in fact, directly contradicts the regulation it interprets?

## IV.   ARGUMENT AND AUTHORITIES

Defendants are entitled to summary judgment on Plaintiffs' FLSA claim because it is based on purported violations of the 80/20 Rule which is formed through DOL commentary on 29 C.F.R. § 531.56(e) that does not constitute binding law. Consequently, Defendants are entitled to judgment as a matter of law.

### A.   Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Matrai v. DirecTV, LLC*, 168 F. Supp. 3d 1347, 1350–51 (D. Kan. 2016) (quoting *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014)) (internal quotation marks omitted). In meeting this standard, "a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim." *Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1174 (D. Kan. 2011) (citing *Thom v. Bristol–Myers Squibb Co.*, 353 F.3d 848,

851 (10th Cir. 2003)). "[S]ummary judgment is not a 'disfavored procedural shortcut,' but it is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" *Vanartsdalen v. Deffenbaugh Indus., Inc.*, No. 09-2030-EFM, 2011 WL 1002027, at *2 (D. Kan. Mar. 18, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

### B. Defendants are entitled to summary judgment on Plaintiffs' tip credit claim.

#### 1. The Tip Credit under the FLSA Generally

Under the FLSA, an employer may pay a minimum cash wage of $2.13 per hour to employees who earn tips, as long as the employees' tips make up the difference between the $2.13 hourly cash wage and the federal minimum wage ($7.25 per hour). *See* 29 U.S.C. § 203(m). This practice is referred to as taking a "tip credit." *See Marsh v. J. Alexander's LLC*, 869 F.3d 1108, 1113 (9th Cir. 2017), *reh'g en banc granted*, 882 F.3d 777 (9th Cir. 2018). Federal regulations provide that where an employee works a dual job, such as "where a maintenance man in a hotel also serves as a waiter," the employee is "employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man." 29 C.F.R. § 531.56(e). The regulations note that "[s]uch a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses" and from a "counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group." *Id.* "Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips." *Id.*

4

> **2.     The 80/20 Rule is not binding law, contradicts established law, and should be disregarded; consequently, summary judgment is appropriate on Plaintiffs' tip credit claim.**

Plaintiffs' FLSA claim in this lawsuit is based on Section 30d00(f) of the DOL's Field Operations Handbook ("FOH"). *See* SOF ¶ 5. Section 30d00(f) of the FOH interprets 29 C.F.R. § 531.56(e) and provides that when a tipped employee spends more than 20 percent of the hours he or she works performing "duties related to the tipped occupation to the tipped occupation of an employee, . . . [but] not by themselves directed toward producing tips," an employer cannot take a tip credit for the employee's time spent performing those duties. This interpretation, however, directly contradicts 29 C.F.R. § 531.56(e) and is not law.[2] Rather, Section 30d00(f) is merely the DOL's commentary on a federal regulation—subject to change by the DOL Administrator at any time—and cannot serve as the basis for liability under the FLSA.

> **a.     The FOH is not entitled to *Chevron* deference.**

Under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), a court defers "to an agency's interpretation of a statute that it is responsible to implement if (1) the statute is ambiguous or silent as to the issue at hand and (2) the agency's interpretation is neither 'arbitrary, capricious, [n]or manifestly contrary to the statute.'" *Carpio v. Holder*, 592 F.3d 1091, 1096 (10th Cir. 2010) (alteration in original) (quoting *Herrera–Castillo v. Holder*, 573 F.3d 1004, 1007 (10th Cir. 2009)). Agency interpretations "contained in

---

[2] The DOL has been found to exceed its authority in developing regulations and/or interpretations multiple times. Recently, the Eastern District of Texas enjoined the DOL's new overtime regulations on a nationwide basis, determining that "the DOL likely lacked statutory authority to enact" the revised regulations. *See State of Nevada v. U.S. Dep't of Labor*, No. 4:16-CV-00731, 2018 WL 1383236, at *1 (E.D. Tex. Mar. 19, 2018). In addition, just this month, the Fifth Circuit invalidated the DOL's "Fiduciary Rule," regulations designed to "broadly reinterpret the term 'investment advice fiduciary' and redefine exemptions to provisions concerning fiduciaries that appear in the Employee Retirement Income Security Act of 1974." *Chamber of Commerce v. U.S. Dep't of Labor*, No. 17-10238, 2018 WL 1325019, at *1 (5th Cir. Mar. 15, 2018).

policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law . . . do not warrant *Chevron*-style deference." *McGraw v. Barnhart*, 450 F.3d 493, 500–01 (10th Cir. 2006) (quoting *Christensen v. Harris County,* 529 U.S. 576, 587 (2000)) (internal quotation mark omitted). Courts specifically recognize that enforcement manuals like the FOH are not entitled to *Chevron* deference. *See Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 157 (1991) (providing that the DOL's Field Operations Manual for OSHA is not entitled to *Chevron* deference); *Wajcman v. Inv. Corp. of Palm Beach*, No. 07-80912-CIV, 2009 WL 10667881, at *6 n.6 (S.D. Fla. Sept. 11, 2009) (noting that the FOH is note entitled to *Chevron* deference).

> **b.     The FOH contradicts established law and consequently is not entitled to *Auer* deference, is not persuasive, and cannot serve as the basis for a claim under the FLSA.**

If an agency's own regulations are ambiguous, a court may consider the agency's interpretation of its regulations. *See Auer v. Robbins*, 519 U.S. 452, 462 (1997). Courts, however, do not defer to an agency interpretation that is "plainly erroneous or inconsistent with the regulation," *see id.* at 461, or when such deference would impermissibly "permit the agency, under the guise of interpreting a regulation, to create de facto a new regulation." *Christensen*, 529 U.S. at 588. Informal agency interpretations not entitled to *Chevron* or *Auer* deference may—at most—be considered persuasive. *See McGraw*, 450 F.3d at 501; *Marsh*, 869 F.3d at 1117.

The 80/20 Rule contained in the FOH directly contradicts established law and attempts to create a new regulation; consequently it should not be accorded *Auer* deference or persuasive weight. As discussed *supra*, the regulations provide that where an employee works two jobs—one tipped and one not tipped—for the same employer, the employee is "employed in *two occupations*, and no tip credit can be taken for his hours of employment in his [non-tipped]

6

occupation." 29 C.F.R. § 531.56(e) (emphasis added). The regulations differentiate this situation from an employee working *one* tipped occupation that also requires the employee to perform some duties that do not generate tips. In that situation, the employer may take a tip credit for all hours of employment. *See id.* ("Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.").

In contrast to the regulation, the 80/20 Rule "parses an employee's tasks into three separate categories (tip-generating, related to the generation of tips, or unrelated to the generation of tips), and then disallows tip credits on a minute-by-minute basis based on the type and quantity of the tasks performed." *Marsh*, 869 F.3d at 1123. The 80/20 Rule is thus "inapposite and inconsistent" with 29 C.F.R. § 531.56(e), which focuses solely on whether an employee has two distinct jobs. *See id.* Indeed, if the 80/20 Rule was applied to the regulation's illustrative example of a counterman (deemed to be an employee working a single job for which the employer may take a tip credit), it could produce contrary results. The employer "would be required to track the time a counterman spends working as a chef preparing short orders, which is not a tip-generating task, and determine whether the cooking duty took up more than 20 percent of the counterman's time. . . . The [80/20 Rule] methodology could result in an outcome whereby the counterman would be treated as having two jobs, even though the regulation says he has only one." *Id.* The regulation—which was subject to notice and comment and has the force of law—does not require a task-based inquiry, only an inquiry into whether the employee is working in two separate occupations.

The FOH was **_not_** subject to notice and comment, thus it does not have the force of law. The reason for this is clear – if the FOH was given the force of law, different administrations could easily rewrite the law without having to go through the requisite checks and balances

7

simply by changing the FOH. This is not how our country's law making system was intended to operate, as it creates no notice to citizens and creates unpredictability.

Because the 80/20 Rule is contrary to established law and is not entitled to deference from this Court, it cannot serve as the basis for Plaintiffs' FLSA claim. Defendants are consequently entitled to summary judgment on Plaintiffs' tip credit claim.

## V.   CONCLUSION

Plaintiffs' tip credit claim is based on purported violations of the 80/20 Rule, DOL commentary on 29 C.F.R. § 531.56(e) that does not constitute binding law. Purported violations of the 80/20 Rule cannot be the basis for liability under the FLSA. Consequently, Defendants are entitled to judgment as a matter of law on Plaintiffs' FLSA claim.

WHEREFORE, Defendants Firebirds of Overland Park, LLC and Firebirds International, Inc. respectfully request that this Court issue its Order granting summary judgment in Defendants' favor with regard to the FLSA tip credit claim contained in Plaintiff's Amended Complaint, for its costs and fees incurred herein, and for all such other relief as this Court deems just and proper.

        Respectfully submitted,

        POLSINELLI PC

        By:  */s/Robert J. Hingula* _____
            ROBERT J. HINGULA  (KS #22203)
            KATHARINE SANGHA (KS #26232)
            900 W. 48th Place, Suite 900
            Kansas City, MO 64112
            (816) 753-1000
            Fax No.: (816) 753-1536
            rhingula@polsinelli.com
            ksangha@polsinelli.com

        ATTORNEYS FOR DEFENDANTS
        FIREBIRDS OF OVERLAND PARK, LLC
        AND FIREBIRDS INTERNATIONAL, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Phillip M. Murphy, II, Esq.
Law Office of Phillip M. Murphy, II
4717 Grand Avenue, Suite 250
Kansas City, MO  64112
913-661-2900
Fax:  913-312-5841
Phillip@phillipmurphylaw.com

Michael Hodgson, Esq.
The Hodgson Law Firm, LLC
3699 S.W. Prior Road
Lee's Summit, MO  64082
816-600-0117
Fax:  816-600-0137
mike@thehodgsonlawfirm.com
ATTORNEYS FOR PLAINTIFF

        */s/Robert J. Hingula* _____

090114/568879-62941815.1