IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Josh Nelson, on behalf of himself
and all others similarly situated,**

        **Plaintiffs,**

**v.**                                                    Case No. 17-2237-JWL

**Firebirds of Overland Park, LLC;
and Firebirds International, LLC,**

        **Defendants.**

## MEMORANDUM & ORDER

Plaintiff is a former server at defendants' restaurant location in Overland Park, Kansas. He filed this wage and hour lawsuit, individually and on behalf of others similarly situated, against defendants alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and various state wage payment laws. Plaintiff alleges that defendants, while taking advantage of the FLSA's "tip credit" provision, required him and putative class members to spend more than 20 percent of their time performing non-tip-producing "side work" activities. Recently, the court granted in part plaintiff's motion for conditional certification of a nationwide class of servers who were paid at the tip credit rate.

In granting the motion for conditional certification, the court denied defendants' motion for partial summary judgment on plaintiff's "tip credit" claims. In that motion, defendants argued that § 30d00(e) of the Department of Labor's Field Operations Handbook (FOH), on which plaintiff's claims are based, is not entitled to deference under *Auer v. Robbins*, 519 U.S. 452

(1997) and should be disregarded by the court, requiring summary judgment against plaintiff on his tip-credit claims. This matter is now before the court on defendants' motion to certify the court's memorandum and Order for interlocutory appeal (doc. 53). The motion is denied.

Generally, the courts of appeals only have jurisdiction to hear appeals from a district court's final decision. 28 U.S.C § 1291. But 28 U.S.C. § 1292 authorizes those courts to hear certain interlocutory appeals. One permissible category of interlocutory appeal consists of decisions certified by a district judge. A district judge may certify an interlocutory order when the judge believes that (1) the district court's order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal from the order may advance the ultimate termination of the litigation materially. *Id*. § 1292(b). The court retains discretion to certify an interlocutory order for appeal under § 1292(b). *Id*. Such certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision[s] of controlling questions encountered early in the action." *Utah by & through Utah State Dep't of Health v. Kennecott Corp*., 14 F.3d 1489, 1495 (10th Cir. 1994). In deciding whether to exercise its discretion under § 1292(b), the court is mindful that "there is a long-established policy preference in the federal courts disfavoring piecemeal appeals." *See Conrad v. Phone Directories Co*., 585 F.3d 1376, 1382 (10th Cir. 2009).

Defendants contend that the issue of whether the tip-credit rule should be afforded *Auer* deference is appropriate for immediate appeal under § 1292(b) because it involves a controlling question of law; a Circuit split on the *Auer* deference issue demonstrates that there is substantial ground for difference of opinion as to whether the tip-credit rule should be afforded deference;

2

and a definitive ruling by the Circuit will materially advance the termination of this litigation. The court concludes that there is not "substantial ground for difference of opinion" concerning the *Auer* deference issue. It is true that the Ninth and Eighth Circuits are the only Courts of Appeal that have addressed the issue of whether § 30d00(e) of the FOH is entitled to *Auer* deference and that those decisions are split. The Ninth Circuit in *Marsh v. J. Alexander's LLC*, 869 F.3d 1108 (9th Cir. 2017), held that § 30d00(e) of the FOH was not entitled to *Auer* deference such that the plaintiffs in that case failed to state claims for minimum wage violations. In *Fast v. Applebee's International, Inc.*, 638 F.3d 872 (8th Cir. 2011), the Eighth Circuit accorded *Auer* deference to § 30d00(e) of the FOH and held that the district court properly denied Applebee's motion for summary judgment.

Nonetheless, there is no "substantial" ground for difference of opinion on the issue. *Marsh* was a 2-1 decision and the dissenting judge wrote a lengthy opinion following the rationale of the *Fast* decision. On February 16, 2018, the Ninth Circuit granted rehearing en banc in the *Marsh* case such that the *Marsh* decision cannot be cited as precedent by or to any court of the Ninth Circuit. *See Marsh v. J. Alexander's LLC*, 882 F.3d 777 (9th Cir. 2018). Moreover, most district courts have followed the *Fast* decision. *See Alverson v. BL Restaurant Operations LLC*, 2018 WL 1618341, at *3 (W.D. Tex. Apr. 3, 2018) (rejecting *Marsh* and following *Fast*); *Hart v. Barbeque Integrated, Inc.*, 299 F. Supp. 3d 762, 766-67 (D.S.C. Oct. 25, 2017) (rejecting *Marsh* and following *Fast)*; *Osman v. Grube, Inc.*, 2017 WL 2908864, at *4 (N.D. Ohio, July 7, 2017) (following *Fast*); *Romero v. Top-Tier Colorado LLC*, 274 F. Supp. 3d 1200, 1205-06 (D. Colo. 2017); *Flood v Carlson Rests., Inc.*, 94 F. Supp. 3d 572, 582 (S.D.N.Y. 2015) (following *Fast*); *Driver v. AppleIllinois, LLC*, 890 F. Supp. 2d 1008 (N.D. Ill. 2012) (following *Fast*). Finally,

defendants have not even suggested that the Circuit might reach a different result on the deference issue than this court did. Simply put, defendants have not demonstrated that this is an "extraordinary" case in which interlocutory appeal is appropriate.

Having denied the motion to certify for interlocutory appeal, the court will amend its prior deadlines concerning the proposed notice and dissemination plan. The parties are directed to meet and confer about any outstanding issues relating to the class definition as well as the form and substance of the notice and notice plan and, if an agreement is reached, to submit the proposed notice and notice plan to the court for approval no later than Friday, August 24, 2018. If the parties are unable to reach an agreement, then plaintiff shall file a motion no later than Friday, August 24, 2018 seeking approval of his proposed notice and notice plan. Defendants shall then file their objections to plaintiff's proposed notice or notice plan no later than Tuesday, September 4, 2018.


**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to certify June 18, 2018 order for interlocutory appeal (doc. 53) is denied.


**IT IS FURTHER ORDERED BY THE COURT THAT** the parties are directed to meet and confer about the form and substance of the notice and, if an agreement is reached, to submit the proposed notice to the court for approval no later than **Friday, August 24**, **2018**. If the parties are unable to reach an agreement, then plaintiff shall file a motion no later than **Friday, August 24**, **2018** seeking approval of his proposed notice. Defendants shall then file their objections to

plaintiff's proposed notice and submit an alternate proposed notice no later than **Tuesday, September 4, 2018**.

**IT IS SO ORDERED.**

Dated this 10th day of August, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge